Filed 2/3/22  P. v. Salzman CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARK SALZMAN,<br><br>    Defendant and Appellant. | D078914<br><br><br><br>(Super. Ct. No. SCD279564) |

APPEAL from a judgment of the Superior Court of San Diego County, Theodore M. Weathers, Judge.  Affirmed.

Jill Kent, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2019, Mark Salzman was charged with a number of offenses arising from alleged drunk driving causing injury.  In March 2019, a preliminary hearing was held and Salzman was bound over for trial.  Thereafter, a number of continuances were granted, over Salzman's objections, based on court closures due to the COVID-19 pandemic.

In May 2020, the court found good cause to continue the trial date because of the pandemic. The court granted another continuance in July 2020.

In August 2020, Salzman brought a motion to dismiss for denial of a speedy trial. The court held a hearing and considered the various emergency orders that had been issued by the Chief Justice because of issues arising from the pandemic. The court denied the motion to dismiss under Penal Code section 1382.

In January 2021, Salzman pleaded guilty to one count of driving under the influence of alcohol causing injury (Veh. Code, § 23153, subd. (a)) and admitted personally inflicting great bodily injury (Pen. Code, § 1192.7, subd. (c)(8)). Salzman also admitted a strike prior (Pen. Code, § 667, subds. (b)-(i)). The court sentenced Salzman to the midterm of two years, doubled because of the strike prior. Based upon the accumulated custody credits, the court ordered Salzman's immediate release from custody and ordered him to report to parole.

Salzman filed a timely notice of appeal and obtained a certificate of probable cause.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating that counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende.* We offered Salzman the opportunity to file his own brief on appeal, but he has not responded.[1]

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review of

---

[1] The facts of the underlying offense are not relevant to the resolution of this appeal.

2

the record, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible issue that was considered in evaluating the potential merits of this appeal:  Whether the trial court erroneously denied Salzman's motion to dismiss the case under Penal Code section 1382.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Salzman on this appeal.

DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

O'ROURKE, J.

GUERRERO, J.